**WILSON et al. v. KERLEY et al.**
**No. 10488.**

Court of Civil Appeals of Texas. Dallas.
Feb. 22, 1930.

McCormick, Bromberg, Leftwich & Carrington, of Dallas, for plaintiffs in error.

JONES, C. J.

This suit was instituted by O. E. Kerley, one of the defendants in error, in a justice court in Dallas county, against Henry Wilson, one of the plaintiffs in error, to recover the principal, interest, and attorney fee, in the sum of $134.35, on a promissory note executed by Wilson and wife to Kerley; and also to foreclose a chattel mortgage lien on certain described personal property. A writ of sequestration was issued immediately on filing the suit and a constable levied such writ on the personal property described in his return. Within ten days, Wilson replevied the property and regained possession thereof. On appearance day in the justice court, Kerley was awarded judgment on default for the amount of the note, a foreclosure of the chattel mortgage lien, and an order of sale. The property subject to the order of sale was again levied upon by the constable and was taken into possession by him.

Wilson filed a petition in the county court of Dallas county at law No. 1, praying for a writ of certiorari to the justice of the peace who tried the case, and was granted such writ upon his filing a bond, payable to Kerley, in the sum of $270, conditioned according to law. This bond was executed, duly approved by the county clerk and filed in such county court at law. After some delay on the part of the justice of the peace, the record in the case was duly filed in the county court at law No. 1 and a writ of supersedeas issued to the

interested parties. The constable, however, who was duly served with the writ of supersedeas, declined to restore the property in his possession to Wilson, and the court denied the application for a mandamus to compel such officer to do so.

The case was tried in the county court at law No. 1, and judgment duly rendered in favor of Kerley for the use and benefit of Frank Morgan, intervenor in the suit in the county court, against Wilson and his sureties on the supersedeas bond for the amount of the note, together with all costs of suit, and also a foreclosure of the chattel mortgage lien on the property that had theretofore been seized under the order of sale from the justice court, and still in the possession of the constable, the judgment providing for the sale of the property and its application to the judgment, and that if there were a balance due the remainder should be collected from Wilson and said sureties, Cline and Wherry.

It developed at the trial of the case that, after the judgment of default in the justice court had been entered, and prior to the proceedings by certiorari, Kerley, the plaintiff in the judgment, for a valuable consideration, duly assigned and transferred all of his rights under such judgment to Frank Morgan, and that at the time of the trial of the case, Kerley owned no beneficial interest in the subject-matter of the suit. This fact was developed at the close of plaintiff's testimony and when plaintiff rested, Wilson duly filed a motion for judgment, on the ground that plaintiff owned no beneficial interest in the cause of action, and that the sole ownership of same was in Morgan, not a party to the suit. Before a ruling was made on this motion, written authority of Morgan was given plaintiff's attorney to make Morgan a party to said cause by a plea of intervention; whereupon, by leave of the trial court and over Wilson's objection thereto, plaintiff was granted leave to file a trial amendment in which he set up the fact above stated, and asked that whatever recovery should be allowed against defendants, should be given for the sole benefit and use of Morgan, and the trial of the case proceeded under the trial amendment and the above described judgment was entered.

There are a number of assignments of error raised by plaintiffs in error that call for consideration by this court. The subject-matter of these assignments will appear from the discussion that follows.

■ It is contended that the court should have granted plaintiff in error's motion for judgment, for the reason that, under the admission of Kerley, the sole plaintiff, that he had no interest in the subject-matter of the suit, because of the assignment to Morgan, defendants were entitled to judgment in their favor; that this being an appeal from the justice court, only the same cause of action alleged in the justice court could be pleaded in the county court, and that a cause of action owned by Morgan is a different cause of action to one owned by plaintiff, and could not be set up in the county court. It is contended further that the intervention, coming after plaintiff had rested his case, was too late and the court erred in allowing it.

Article 958, R. C. S. 1925, which controls in the matter of pleadings in the county court in a case appealed from a justice court, reads: "Either party may plead any new matter in the county or district court which was not presented in the court below; but no new cause of action shall be set up by the plaintiff, nor shall any set-off or counter claim be set up by the defendant which was not pleaded in the court below. In all such cases the pleadings shall be in writing, and filed in the cause before the parties have announced ready for trial." Article 2178 declares that "cases brought up from inferior courts shall be tried de novo."

All of the decisions which have come under our notice, construing the first of these statutes, hold that no new cause of action can be pleaded by an amended petition in the county court, but must be tried on the same cause of action alleged in the justice court. The subject-matter of the cause of action, alleged and tried in the justice court, was changed in no particular by the allegations of the trial amendment, making in effect Morgan the plaintiff. The only change was as to the ownership of the cause of action. Did this change in ownership, alleged by the trial amendment, state a new cause of action within the meaning of this statute? Substantially the same question was before the Court of Civil Appeals at Austin, and in an opinion written by the late Chief Justice Key of that court, it was decided adversely to plaintiff in error's contention. Scott & Co. v. O. D. Mann & Sons et al., 190 S. W. 847. In the reported case, suit was brought by O. D. Mann & Sons, a corporation, in a justice court, to recover upon a promissory note and to foreclose a chattel mortgage given to secure the note. Judgment was rendered in favor of O. D. Mann & Sons, a corporation, against defendants who appealed the case to the county court. Before trial was had, it was discovered by the attorney for plaintiff that the corporation, that had theretofore existed, had been dissolved, and that the Manns were doing business as a partnership. An amended petition was filed in the county court seeking recovery by the members of the partnership, these members making themselves individually plaintiffs in the suit, and thereby substituting new parties as plaintiffs. The same contention was made in the same manner in the trial court in the reported case as was made in the court in the instant case, and the same ruling made. The contention in the reported case was made the basis of the appeal to the Court of Civil Appeals and the ruling of the trial court sustained, under a number of cited

authorities. In the opinion it is said: "J. T. and O. D. Mann had the right to intervene in the county court and assert that the demands sued upon belonged to them and not the corporation; and, in substance, that is what they did." This observation is just as applicable to the instant case as it was in the reported case, and on the authority of Scott & Company v. O. D. Mann et al., and the cases therein cited, all assignments of error in respect to this contention are overruled.

When plaintiff filed the trial amendment, Wilson, in answer thereto, also filed a trial amendment, setting up a judgment that had been duly entered in a court of competent jurisdiction against Morgan in favor of a mercantile company, and further set up that he was now the owner of such judgment by assignment and claimed the right of set-off to the amount of the judgment. This matter of set-off was not allowed by the court to be presented in the trial of the case and error is duly assigned. While the statute, in cases appealed from a justice to a county court, does not allow any new set-off to be pleaded, still we think the court erred in its ruling in the instant case. This defense could not have been pleaded in the justice court, because at that time Kerley owned his cause of action in his own right. It only became admissible pleading when the plaintiff, in order to prevent judgment against him, secured the intervention of Morgan. When this was done, the right to plead a legal defense against Morgan, that did not exist against the original plaintiff, at once matured, and the defendant should not have been denied such right. This assignment of error is sustained.

Error is assigned because the judgment appealed from taxed all of the costs for keeping and taking care of the stock seized by the constable under the order of sale issued out of the justice court. We think this was error. The cost occasioned by the unlawful act of the constable refusing to obey the writ of supersedeas, after it was served upon him, should not be taxed against plaintiff in error. The perfecting of the appeal with the supersedeas bond, the amount of which had been fixed by the court and the sureties on which had been approved by the county clerk, annulled the judgment in the justice court, including the order of sale that had been issued, and it became the duty of the constable, as soon as he was served with the writ of supersedeas, to surrender the property to Wilson. When he chose to disobey this writ and to hold the property in the face of it, he held such property at his own peril. This assignment of error is sustained.

The sureties on the supersedeas bond, parties to this appeal, complain because judgment is rendered against them for an amount in excess of the sum named in the bond they signed as sureties. This, of course, is error. Recovery against them in any event must be restricted to $270, the amount of the bond they signed. This assignment of error is also sustained.

It is further contended by plaintiffs in error, that the undisputed evidence shows, that some of the stock named in the chattel mortgage was not owned by Wilson, and therefore it was error for the court to award foreclosure on such stock. It is also contended that this fact as to ownership conclusively establishes the fact of their further contention that this stock, not owned by Wilson, was not in the mortgage when Wilson executed it, but was added after such execution; and hence, a material alteration was made in this instrument, which destroyed its validity. We cannot allow this contention. Even if it be conceded that the evidence establishes the fact that some of the stock included in the mortgage was owned by the wife, but because she joined her husband in the execution of the mortgage and thus consented to the placing of a lien on her property as security for this debt, she cannot now complain. These contentions are overruled.

Because of the errors herein pointed out, this case must be reversed and remanded for another trial.

Reversed and remanded.