**NICHOLSON v. MILLS, District Clerk, et al.**

**No. 12160.**

Court of Civil Appeals of Texas. Galveston.

Jan. 26, 1950.

Rehearing Denied Feb. 16, 1950.

. Billy B. Goldberg, Houston, for appellant.

Bates, Cartwright & Bates, Garth C. Bates, and Reagan Cartwright, Houston, for appellees.

CODY, Justice.

This is an appeal from an order dissolving a temporary injunction in Cause No. G-369,926, which is styled Pauldo Nicholson v. J. W. Mills, District Clerk, and C. V. (Buster) Kern, Sheriff, on the docket of the District Court of Harris County, 133rd Judicial District. The injunction, which was thereby dissolved, had been granted to enjoin the District Clerk and the Sheriff from issuing and levying execution for court costs under a judgment rendered in Cause No. B-346,273, styled Pauldo Nicholson et al. v. H. B. Turner, C. L. Woods, Mary Lee Dochery, S. G. Jackson, R. T. Robinson, and E. M. Hunter, on the docket of the District Court of Harris County. This last-mentioned cause was a suit which had been brought by the aforesaid Pauldo Nicholson, joined by some forty other plaintiffs, all of whom were Lodge Masters and Matrons of Colored Mason and Star Chapters, against the Grand Master and five others of the Grand Lodge, for an accounting.

In connection with said suit for an accounting, the plaintiffs in said cause sought the appointment of an auditor by the court to audit the accounts kept by the defendants in said cause, to determine the receipts and disbursements of Lodge funds under the administration of the said H. B. Turner, Worshipful Grand Master. Notwithstanding that the said H. B. Turner and his codefendants urged a plea in abatement to the jurisdiction of the court, the plaintiffs in said Cause No. 346,273 urged their motion upon the court to appoint said auditor, and that said auditor be ordered to audit said accounts; and the court did grant said

plaintiffs' motion, and did appoint an auditor to audit said accounts, upon the filing by plaintiffs of a bond in the sum of $5,000, "conditioned that said plaintiffs, as principals, will pay all costs adjudged against said plaintiffs including the costs of said audit that may be adjudged against the plaintiffs by this court". This appointment was made before the defendants' plea to the jurisdiction was acted on.

The auditor which was so appointed by the court was Walter C. Burer. He proceeded to make the audit as ordered, and by letter dated March 3, 1948, addressed to the late Hon. W. W. Moore, Judge of the 11th Judicial District Court of Harris County, presented a claim or bill for his services "to date", in the sum of $3,500. Subsequently, the auditor presented another bill addressed to Judge Moore, as the judge of the court making the appointment, which bill, among other things, contained the following:

"Bill rendered on March 3          $3,500.00
"Additional Services to date           500.00
                                   ----------
                                    $4,000.00"

The last-mentioned bill or claim for services bore, in the handwriting of the Honorable Dan W. Jackson, Judge of the 129th District Court of Harris County, the notation "Do not sign order until this matter gone into".

On June 21, 1948, Judge Jackson sustained the plea to the jurisdiction of the court, and rendered judgment dismissing the suit (Cause No. 346,273), and said judgment so dismissing said cause provided "Said cause is dismissed at the costs of plaintiffs, for which let execution issue; fee of auditor heretofore appointed being heretofore taxed as costs". To said judgment of dismissal, the plaintiffs duly gave notice of appeal. In this connection, it should be noted that the fee docket showed that there had been taxed, as court costs in the case prior to said judgment of dismissal, the sum of $4000.00 as the auditor's fee.

The record in the cause fails to show that there was any formal hearing with respect to the value of the services rendered by the auditor; and the record also fails to show that Judge Moore ever formally adjudged that the sums of $3,500 and $500 were the reasonable and just amount for the services of said auditor, and the record fails to show any formal award of said sum as the auditor's fee for his services. The record fails also to show that any party to the suit ever objected to the claim filed by the auditor for his services as being excessive or unreasonable. It is of course the duty of the District Clerk to keep properly the fee docket, and, as stated, the fee docket reflected that said sums as due the auditor had been taxed as costs.

The plaintiffs in Cause No. 346,273, seasonably filed a motion for new trial, but not only did they never press their motion for new trial, the record in said cause affirmatively shows that they were a party to an order which dismissed their motion for new trial, and that plaintiffs expressly abandoned their appeal from the judgment of dismissal.

After the judgment in Cause No. 346,273 had become final for some time, the auditor became active with respect to getting paid for his services. He filed a motion to have his fee taxed as costs in the case. While this motion was pending—it was shortly thereafter dismissed, the Clerk notified the interested parties that he was going to issue execution for costs as same were shown to have been taxed on the fee docket, being, as stated above, the sum of $4,000.00, for the services of the auditor.

It was at this stage that the appellant in this cause brought his independent suit for a temporary and permanent injunction against the District Clerk and Sheriff to prevent the issuance and levy of the costs in Cause No. 346,273, particularly with respect to the sums taxed as costs for the services of the auditor. The auditor is not a party to this proceeding. The court granted the appellant a temporary injunction, holding in the order granting same that the clerk should not issue execution for costs prior to October 1, 1949, except upon an order of the court having jurisdiction of Cause No. 346,273. In said order granting the temporary injunction, the court found that it was the responsibility of the plain-

tiffs in Cause No. 346,273 to see that "Such an order assessing an auditor's fee is procured", and October 1, 1949, was fixed as the latest date that the plaintiffs should proceed to have a reasonable fee fixed. The plaintiffs failing to take any action, the court dissolved the temporary injunction, and the appellant (the plaintiff in this independent injunction suit) has duly appealed. He predicates his appeal upon four points, to the effect:

1. The court should not have dissolved the injunction because there was no valid order appointing an auditor in Cause No. 346,273.

2. The court should not have dissolved the injunction because no auditor's fee was ever awarded in Cause No. 346,273.

3. The court should not have dissolved the injunction because the Clerk is not authorized to determine the amount of an auditor's fee to be awarded.

4. The court erred in dissolving the injunction because the court which had jurisdiction over Cause No. 346,273 (wherein the judgment had become final) no longer has any jurisdiction over said cause, and is without any authority at this time to determine and assess an auditor's fee.

We overrule appellant's first point, alleging in effect that the court had no jurisdiction to make a valid appointment of an auditor in Cause No. 346,273, so that in law no auditor was ever appointed and no auditor's fee could lawfully have been awarded.

■ Whether or not the court erroneously sustained the defendants' plea in abatement to the jurisdiction of the court in Cause No. 346,273, is not before us. No appeal was prosecuted from that judgment, but, if we assume that the court's judgment sustaining the plea to the jurisdiction was correctly decided, it would not follow that, because it was without jurisdiction to pass upon the subject matter in Cause No. 346,273 over defendants' protest the court did not have ample authority to adjudicate the costs which accrued prior to the judgment sustaining the plea in abatement, and dismissing the cause. In the case of Baines v. Mensing et al., 75 Tex. 200, 12 S.W.

984, 985, the Supreme Court adopted an opinion holding that "the court had the power to enter the orders of dismissal, and in favor of the successful party, for all costs. Rev.St. art. 1421. A party cannot attempt to invoke the jurisdiction of a court by suit, and say he is exempt from the costs of the proceeding on the ground that the court had no jurisdiction." The holding just quoted applies with peculiar force with respect to plaintiffs in Cause No. 346,-273. Said parties invoked the jurisdiction of the District Court of Harris County for an accounting, and in connection therewith sought the appointment of an auditor. Clearly, the civil district courts of Harris County have at least potential jurisdiction of such a proceeding. " 'To permit one to invoke the exercise of a jurisdiction within the general powers of a court and then to reverse its orders upon the ground that it had no jurisdiction would be to allow one to trifle with the courts. The principle is one of estoppel in the interest of a sound administration of the laws whereby the regularity or even validity of an act procured by one himself cannot be raised—not that the act is valid, for it may not be, and estoppel does not make valid the thing complained of, but merely closes the mouth of the complainant.' Spence v. State National Bank, Tex.Com.App., 5 S.W.2d 754, 756." Panos v. Foley Bros. Dry Goods Co., Tex.Civ.App., 198 S.W.2d 494, 496. So, without passing on whether the court correctly dismissed Cause No. 346,273 for want of jurisdiction, we hold that appellant, who was one of the plaintiffs in said cause, cannot take the position that the court was without jurisdiction to render judgment for costs, inclusive of the fee of the auditor appointed at plaintiffs' instance.

We overrule appellant's second point which urges that the court erred in ordering the injunction dissolved because no auditor's fee was awarded in Cause No. 346,273.

■ There is, we believe, no rule more firmly fixed in the law than the presumption of absolute verity which attaches to a judgment valid on its face when assailed in a collateral proceeding. There must be some end to litigation. 25 Tex.Jur. 834 et

seq. The presumption of absolute verity may be said to be the consequence of the finality of judgments. If one party to a judgment should be allowed to go behind it, the other party could do likewise, and the judgment would not have the quality of finality. Here for instance the appellant depends upon the finality of the judgment to prevent the court from formally awarding the auditor any fee for his services covering a period of months. Yet in his attempt to show that the court did not award the auditor a fee, appellant has undertaken to go back of the judgment to scrape the record to show the absence of a formal hearing on the auditor's bill for his services, and of a formal awarding of the fee applied for. Here the face of the judgment provides, as shown above, "said cause is dismissed at costs of plaintiffs, for which let execution issue; *fee of auditor heretofore appointed being heretofore taxed as costs.*"

■ The appellant was permitted to offer evidence below, and argued here, that Judge Jackson had the mistaken impression that Judge Moore, prior to his death, had held a hearing, and formally allowed the auditor the fee taxed as costs on the fee docket for his services. How Judge Jackson may have arrived at the conclusion that the fee for the auditor had been taxed as costs, became wholly immaterial when the parties to the judgment permitted it to become final. Though the presumption of absolute verity which attached to the judgment excluded any inquiry in this collateral proceeding as to the facts, the undisputed evidence showed from the fee docket that the auditor's fee of $4000.00 had been taxed as costs in the suit.

Appellant, however, urgently contends that the clerk had no authority to tax any sum representing the auditor's fee as costs in the case unless and until the court had previously approved and allowed the sum as the auditor's fee. Indeed, Rule 172, Texas Rules of Civil Procedure, among other things, provides "The court shall award reasonable compensation to such auditor to be taxed as costs of suit." In the absence of evidence to the contrary, it may be that the fact that the clerk had taxed the fee as costs in the case, aided by the

presumption that the clerk and the judge properly performed their duties, would warrant the conclusion that the judge had awarded the auditor the fee which was taxed as costs therefor. But in the state of the record, and in this collateral attack on the judgment, we may not go back of the judgment. This, because the judgment very clearly casts the plaintiffs for costs in Cause No. 346,273, and awards execution against them therefor, inclusive of the auditor's fee taxed as costs.

■ Whether or not the judgment was erroneous because the judge failed to hold a hearing on the auditor's fee and award the amount of it, if the judge did so fail, is immaterial in this collateral attack on the judgment. Certainly the court had the jurisdiction to do the things which appellant now complains that he failed to do. The plaintiffs in said cause had an adequate remedy. Had they appealed from the judgment, and were successful in establishing that the matter complained of was reversible error, the judgment would not have become final, and upon a remand of the case, the error could have been corrected, and the doctrine of finality of judgments would not have prevented the auditor from receiving his fee upon a new trial.

The case of Ross v. Anderson, Tex.Civ. App., 85 S.W. 498, writ refused, is somewhat similar to the case before the court. The facts of the cited case sufficiently appear from the following quotation taken from the opinion, 85 S.W. at page 499: "As stated, the account for the services in watching the property (which had been seized by the sheriff under writ of sequestration) had been rendered and taxed in the bill of costs before the execution issued, but it was informally taxed, because it did not appear of record that it had been approved and allowed by the judge. Having acquired jurisdiction of the case, the district judge had authority, and it was his duty, to adjudicate the rights of the parties * * *, though informally taxed, it (the bill for services) had been included in the bill of costs and had become a part of the judgment." In the cited case, the proceeding was not a collateral attack on the judgment. It would therefore seem to

be authority for sustaining the judgment, even had the judgment been brought up for review by appeal, though we do not so hold. The cited case is too long to review, and no good purpose would be served in doing so, since the judgment here clearly is one against the plaintiffs in Cause No. 346,273 for costs, including the costs theretofore taxed for the auditor's fee.

What we have said in connection with overruling appellant's point 2, applies with equal force to his points 3 and 4, and requires that said points be overruled.

The judge's action in dissolving the injunction was correct, and is affirmed.

Affirmed.