**DIPUCCIO et vir. v. HANSON.**
No. 12198.

Court of Civil Appeals of Texas. Galveston.
Oct. 12, 1950.

Kleinecke, Nussbaum & Piperi and H. E. Kleinecke, Jr., all of Galveston, for appellants.

Henry W. Flagg, Galveston, for appellee.

CODY, Justice.

Appellee, S. T. Hanson, brought suit in the District Court of Galveston County against Dominick Dipuccio to enforce specific performance of a written contract dated June 11, 1949, wherein the said Dipuccio bound himself to convey to appellee by a general warranty deed, for the cash consideration of $4,500, the East half of Lots Nos. 315 and 316 in Alta Loma Townsite, Galveston County. By way of answer to appellee's petition, the said Dipuccio alleged among other things:

That he, said Dipuccio, has been willing at all times to perform his said contract by executing a general warranty deed conveying the property to appellee, but that the contract in question is indivisible, and that not less than one-half of said real estate was the separate estate of his wife, Ana Dipuccio, and that she was not a party to the contract of sale, and that she refused to execute a deed thereto, and that she could not be required so to do. Descending to particulars, the said Dipuccio, alleged that the land was purchased by him and his wife in 1932, and the deed to them was taken in both of their names. That in making the purchase, they paid $800, of which sum his wife advanced the sum of $500 which belonged to her in her separate right and estate, and that he, said Dipuccio, intended that his wife should own at least an undivided one-half interest in the land as her separate right and estate in order to repay her in part for the advancement by her of her separate property in the sum of $500.

Appellee filed a supplemental petition in answer to the allegations of the said Dipuccio's answer, the substance of which we consider it unnecessary to give, other than to state that appellee did not seek to have Ana Dipuccio made a party defendant; and she was not made a party defendant to said suit. The suit was then tried to the court without the aid of a jury, and on the 16th day of January, 1950, the court rendered judgment, finding therein as a fact that the land in question was the community property of the said Dipuccio and his wife, Ana.

No notice of appeal by Dominick Dipuccio from said judgment is recited therein, or otherwise shown upon the record. Nor was any direct attempt to appeal therefrom made by Dominick Dipuccio. However, on January 18, 1950, Ana Dipuccio, joined by her said husband, filed a motion asking the court to set aside and vacate the

judgment, and grant a new trial and permit the said Ana to intervene in the suit. It was alleged in said motion, in some detail, that Ana Dipuccio owned at the time of the purchase of the property in 1932, as her separate property and estate, the sum of $500. That said sum was used in the purchase price of $800, and it was alleged that to the extent that said sum bore to the purchase price of the land in question, said land was and became the separate estate of the said Ana Dipuccio, the remainder thereof being the community estate of the Dipuccios. The motion also alleged that, as more than half of the title belonged to the wife, as her separate estate, and she was not a party to the contract, no specific performance of the contract could be decreed either against the wife or the husband.

Appellee filed an answer to the aforesaid motion to vacate the judgment, and we need only say that the effect of Ana Dipuccio's motion, together with appellee's answer thereto, was to raise the same issues as had been raised by the pleadings between appellee and Dominick Dipuccio, the husband. The court, hearing said motion rendered judgment thereon, February 1, 1950, overruling same and it was recited in the judgment overruling said motion, "To which action and ruling of the Court the movant, Ana Dipuccio, in open court excepted and gave notice of appeal * * *".

Then on February 10, 1950, the movant filed a written request for the court to state separately in writing conclusions of fact and law both on the hearing upon the judgment which was rendered on January 16, 1950, as well as on the hearing on Ana Dipuccio's motion to vacate said judgment. The Court complied with said request, and so far as we deem it necessary to give the fact findings relative to both the hearing on the pleadings of appellee and Dominick Dipuccio and on the motion of Ana Dipuccio, said findings are to the effect:

That Dipuccio and wife, Ana, acquired title to the property here involved on December 6, 1932, by a general warranty deed which recited that the grantors therein

"for and in consideration of the sum of Ten Dollars in cash, and other valuable considerations to us in hand paid by Dominick Dipuccio, and Anna Dipuccio, the receipt whereof is hereby acknowledged and confessed, have granted * * * unto the said Dominick Dipuccio and Anna Dipuccio, his wife * * * (describing the property)."

That the deed was duly recorded in the deed records of Galveston County on December 10, 1932. That the contract of June 11, 1949, was executed by Dipuccio in the presence of his wife, at which time appellee did not know that the record title to the property was vested in Dominick and Ana Dipuccio, husband and wife. That the husband and wife paid the sum of $742.30 for the property. That appellee first learned of any claim that Ana Dipuccio owned a separate estate in the land when Dipuccio filed his answer to appellee's suit for specific performance.

The sole defense relied upon by Dominick Dipuccio and by appellant, to appellee's suit for specific performance was the contention that appellant owned as her separate estate, an undivided interest in the land. And all seven points upon which appellant predicates her appeal are predicated upon such contention being valid. Since we consider that the trial court was amply justified in holding that the land here involved was the community property of appellant and Dominick Dipuccio at the time it was purchased by them on December 10, 1932, no good purpose would be served in passing upon each of appellant's points separately.

The burden rested upon Dominick Dipuccio, in the suit against him for specific performance, to establish his defense that he had no right to perform the contract because his wife owned as her separate estate an undivided interest in the land which could be divested only by her voluntary conveyance, acknowledged by her to be conveyed by her voluntarily. So also with respect to appellant in her motion.

Upon the face of the deed, it appears that Dominick Dipuccio and appel-

lant acquired title to the property during their marriage. There is nothing upon the face of the deed to prevent the operation of the legal presumption that property acquired by either spouse after marriage is presumed to be community property. Without detailing it, there was evidence by Dominick Dipuccio, and by appellant, which, if believed by the trier of the facts, would have sustained the conclusion that, of the consideration of $742.30 paid for the land by the Dipuccios, $500 thereof was supplied by appellant out of her separate funds, and that it was intended that she should own as her separate estate, an undivided 500/742.30 in the land. This testimony was at best only testimony of interested parties, and at most could only be said to have raised a fact issue for the determination of the trier of the facts. But even though it should be said there is no direct evidence contradicting such evidence, the trier of the facts was not bound to accept such evidence as true. See American Water Co. v. Bunge, Tex.Civ.App., 213 S.W.2d 93, 97, and authority there cited. So, the court was amply justified in concluding that the property here involved was the community property of Dominick and Ana Dipuccio, and that consequently he had authority to enter into a contract for its sale which would be specifically enforced.

■ Appellee questions the jurisdiction of the Court of Civil Appeals to consider this appeal. Neither appellee nor Dominick Dipuccio could be heard to question the jurisdiction of the trial court, because the court had jurisdiction of their persons and of the subject matter of the suit. Nor could either appellee or appellant question such jurisdiction for the further reason that they invoked the exercise of the jurisdiction for affirmative relief. See Nicholson v. Mills, Tex.Civ.App., 227 S.W.2d 354, 356, writ refused; Spence v. State National Bank, Tex.Com.App., 5 S.W.2d 754, 756; Panos v. Foley Bros. Dry Goods Co., Tex.Civ.App., 198 S.W.2d 494, 496; J. Weingarten, Inc. v. Sanchez, Tex.Civ.App., 228 S.W.2d 303, 306.

■ We do not mean to imply, however, that the jurisdiction of the court below over appellant is to be supported only by the principle of estoppel. The record here shows that she entered the contest to which her husband was then a party, the contest in which the husband was defending against specific performance upon the sole ground that she owned, as her separate estate, an interest in the land. The form of the wife's participation was a motion to vacate the judgment before it became final, and to be permitted to intervene. The court held a hearing on the motion in which the issue determined was whether appellant owned an undivided interest in the land so as to prevent an award of specific performance against the husband. The procedure followed involved a double hearing on the issue. When we strike through form and look to the substance, the effect is the same as though the wife (appellant) had been a party to the proceeding throughout. Since this is so, we also strike through form, and for purposes of this appeal hold that the judgment on the motion, which determined for the second time the same matters determined by the first judgment (but which was not a binding determination because not final), is in substance a reutterance of the first judgment, and we accordingly assume that we have jurisdiction to determine whether the court erred in granting specific performance. No doubt, since the court permitted appellant to be heard on the issue of whether she owned a separate estate in the land which constituted an obstacle to specific performance, the court should have adapted the form to the substance of what was done, and granted the motion to vacate the judgment, and hear the case over on the merits, and then render the judgment granting specific performance. But here the substance should prevail.

■ We are aware that a party is not entitled to appeal as a matter of inherent right, and that ordinarily even the form prescribed for appeal should be followed— at least that is the only safe course.

In any case, the trial court committed no reversible error, and the judgment is affirmed.