## LAWYERS SURETY CORP. v. MAHOOD.

### No. 15243.

Court of Civil Appeals of Texas. Fort Worth.

April 27, 1951.

Rehearing Denied May 25, 1951.

Piranio & Piranio, of Dallas, for appellant.

Bates, Cartwright, Bates & Kolius, of Houston, for appellee.

CULVER, Justice.

The instant suit arose out of one filed in the district court of Harris County, styl-

ed Pauldo Nicholson et al. v. H. V. Turner et al. In that suit, which we shall refer to as the "original suit," on motion of the plaintiffs and upon the giving of a cost bond as required, Walter C. Burer was appointed by the court as auditor. This appellant, Lawyers Surety Corporation, was the surety on said bond with Pauldo Nicholson, one of the plaintiffs, as the only principal.

The instant suit was brought by David Mahood, the assignee of the auditor, Walter C. Burer, to recover against the surety, Lawyers Surety Corporation, the amount of the fee, $4,000, which he claims was allowed by the district court of Harris County and taxed as costs. On the motion of appellee Mahood, the district court of Dallas County rendered summary judgment for appellee and against appellant Lawyers Surety Corporation for the sum of $4,000, with interest, from which judgment this appeal is prosecuted.

Appellant predicates his appeal upon the following points: (a) The Harris County judgment rendered in the original suit is void for uncertainty. (b) If there was a valid final judgment in the original suit, it adjudged only $500 as costs for the audit. (c) Because the pleadings failed to allege a $4,000 obligation covered by the bond sued on. (d) Because the facts uncontradicted are insufficient to establish liability on the bond. (e) Because there were genuine issues as to material facts. (f) Because appellee Mahood was not the obligee on the bond and had no legal right to maintain the suit on the bond.

■■ Prior to the filing of the instant suit, Pauldo Nicholson filed suit in the district court of Harris County, seeking to enjoin the clerk and sheriff from issuing and levying execution for court costs under the judgment rendered in the original case of Pauldo Nicholson et al. v. H. V. Turner et al. This injunction was denied by the district court and upon appeal the Galveston Court of Civil Appeals affirmed the case in Nicholson v. Mills, Tex.Civ.App., 227 S.W.2d 354, 355, writ refused. We think that decision of the Galveston court is res judicata of the questions on this appeal, and if not, certainly that decision has become the law of the case. While it is true that the Lawyers Surety Corporation was not a party to the case of Nicholson v. Mills, nonetheless the decision in that case determined that the judgment entered in the original case was final, that it did fix the auditor's fee at $4,000, and that Pauldo Nicholson et al., plaintiffs in the original case, were liable for those costs. The surety bond executed by appellant in the original case on the 13th day of September, 1947, shows that Pauldo Nicholson was the only one who signed as principal, and the bond was conditioned, "that said plaintiffs, as principals, will pay all costs adjudged against said plaintiffs including the costs of said audit [and such other costs] that may be adjudged against the plaintiffs by this court."

In the case above cited, the court says in part: "Though the presumption of absolute verity which attached to the judgment excluded any inquiry in this collateral proceeding as to the facts, the undisputed evidence showed from the fee docket that the auditor's fee of $4,000.00 had been taxed as costs in the suit." 227 S.W.2d 357. The facts and the law are fully discussed in the cited case and further quotations therefrom would be burdensome.

We think this decision is conclusive of all points raised by appellant except the following:

■ Appellant asserts, "The court erred in finding on this motion for summary judgment that Pauldo Nicholson and the other plaintiffs have refused to pay the costs of the audit and that execution issued for costs was returned nulla bona by the sheriff of Harris County, because these facts were definitely controverted by appellant." The opposing affidavit on this point was made by Angelo Piranio of Dallas County, one of the attorneys for appellant, in which he recites that in the original case there were two hundred twenty-seven plaintiffs, only two of whom, Pauldo Nicholson and one other, were residents of Harris County, the others residing else-

where in the State of Texas. He further avers that no execution has been issued and none has been levied on any of said plaintiffs other than those living in Harris County, Texas. Some question might be raised of the sufficiency of this affidavit as Rule 166–A, Texas Rules of Civil Procedure, provides in part, "supporting and opposing affidavit shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." A certified copy of the sheriff's return on the execution reads as follows: "Came to hand on the 13th day of October, 1949, and returned not executed the 4th day of November, 1949, for the reason that there is no property to be found in Harris County, Texas, belonging to Pauldo Nicholson, et al., or either of them, subject to execution." On the return is endorsed the number and style of the cause, the court from which it issued in the usual form. We think the sheriff's return is sufficient evidence to establish the facts therein recited. Surely appellee should not be put to the difficult task of having execution levied against all of the more than two hundred parties, non-residents of Harris County, and scattered over the state before he applies for his remedy against the surety on the cost bond. Marine Banking & Trust Co. v. Federal Trust Co., Tex. Civ.-App., 64 S.W.2d 409; Denson v. Taylor, Tex.Civ.App., 132 S.W. 811.

To appellee's motion is attached original copy of assignment of this obligation from the auditor Burer to the appellee. We are shown no authority which would inhibit such assignment nor the right of the assignee to sue upon and collect the same. The case of Briscoe v. Texas General Insurance Agency, Tex.Civ.App., 60 S.W.2d 814, cited by appellant, merely holds that in such a situation the record must show an assignment, and in the absence thereof the plaintiff in that case was not allowed recovery.

All points of error presented by appellant are overruled, and the judgment of the trial court is affirmed.