

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

June 29, 1962

Mr. Walter E. Wilson
County Attorney
Ector County
Odessa, Texas

Dear Mr. Wilson:

Opinion No. WW-1372

Re: Whether a district judge
may assess as court costs
an investigator's fee for
the investigation required
by Article 46(a), Section
2, Vernon's Civil Statutes.

In your request for an opinion from this office, you
ask a question which we quote as follows:

"May a district judge assess as court
costs an investigator's fee for the inves-
tigation required by Article 46(a), Sec. 2,
V.A.C.S."

Section 2 of Article 46(a) of Vernon's Civil Statutes,
provides as follows:

"Sec. 2. Upon the filing of such petition
for the adoption of any minor child, the court
or judge shall cause an investigation to be
made of the former environment and antecedents
of the child for the purpose of ascertaining
whether he is the proper subject for adoption,
and of the home of the petitioner to determine
whether it is a suitable home for the child.
Such investigation shall be made by a suitable
person selected by the court; provided, however,
that the State Department of Public Welfare may
make an investigation in any adoption case except
those in which the child was placed for adoption
by a legally licensed child-placing agency in
the State. The results of such investigation
shall be embodied in full written reports, which
shall be submitted to the court at or prior to
the hearing on the petition, and which shall be
filed with the records of the proceedings and
become a part thereof; provided further that a
representative of the State Department of Public
Welfare may appear in court if, in the opinion

> of the State Department of Public Welfare
> or the court, the best interest of the child
> will be served."

The fees and compensation of certain officers and court appointees are authorized to be taxed as court costs. Among these are the expenses of issuing and returning a writ or order. Dalton v. Rainey, 75 Tex. 516, 13 S.W. 34 (1889). Receivers fees taxable as a part of the costs to be paid out of the property involved. Espuela Land & Cattle Co. v. Bindle, 32 S.W. 582 (Civ.App. 1895). The compensation of a surveyor appointed by the court in an action of trespass to try title. Beaumont Irrigating Co. v. DeLaune, 173 S.W. 514 (Civ. App. 1915). Compensation of a master in chancery appointed by the court. Rule 171, T.R.C.P. The expense incurred by the sheriff in caring for attached property. Morgan v. North Texas National Bank, 34 S.W. 138 (Civ.App. 1896), Worley v. Shelton, 86 S.W. 794 (Civ.App. 1905); except where the officer caring for the property is a mere trespasser who has no right to possession thereof. Colby v. Mitchell, 33 S.W. 1040 (Civ.App. 1896), Wilson v. Kerley, 25 S.W.2d 887 (Civ.App. 1930), and the compensation of an auditor employed by the court to state the accounts between the parties and make a report thereof. Rule 172 T.R.C.P., Nicholson v. Mills, 227 S.W.2d 354 (Civ.App. 1950, error ref.). Also, in arbitration proceedings between the employer and employee, the fees and mileage of the arbitrators may properly be taxed as costs against either or all of the parties to the arbitration, as deemed just, and will constitute a just part of the award. Article 247, Vernon's Civil Statutes. And certain fees in cases where land is sold to satisfy taxes are taxed as costs against the land sold. Article 7333, Vernon's Civil Statutes.

Under Section 2 of Article 46(a), Vernon's Civil Statutes, it is mandatory upon the court to cause an investigation to be made of the former environment and antecedents of the child as well as the home of the petitioners. Davis v. Bastin, 205 S.W.2d 838 (Civ.App. 1947). However, we have found no express statutory authority for the assessment of an investigator's fee as court costs.

When there is no statute which expressly authorizes a court appointee's fee, it has been held that such fees should be fixed and allowed on a reasonable basis taking into consideration the circumstances of the case, the charges made, type of work to be performed and, if a hearing is held on the matter, the evidence offered in support thereof and in oppo-

sition thereto.  <u>Metcalfe v. McCarty</u>, 301 S.W.2d 263 (Civ. App. 1957).

Rule 127 of the Texas Rules of Civil Procedure provides in part as follows:

"Each party to a suit shall be
liable for all costs incurred by him.
. . ."

The meaning of the word 'incurred' as it appears in Rule 127 is discussed in 11 Tex. Jur. 292, Costs, Sec. 40, as follows:

"Accordingly an item of costs is not taxable unless it has been 'incurred' by the party sought to be charged therewith.  The word 'incurred' as used in the Rule means 'brought on', 'occasioned' or 'caused.'  A party may be said to have 'incurred' the costs if they are the necessary and contemplated result of his conduct in the proceeding, such as the costs incurred by a plaintiff suing a minor for the services of a guardian ad litem, . . ."

Therefore, it is our opinion, based on the authorities treated above, that a district judge who entertains an adoption petition, has the discretion to fix the amount of the compensation to be taxed as cost, to be paid to the investigator and, since there is no statute expressly authorizing an investigator's fee in this instance, the allowance of such fee arises by implication, and consequently, only reasonable fees should be allowed.

## S U M M A R Y

A district judge may assess as
court costs an investigator's
fee for the investigation re-

quired by Article 46(a), Section 2,
of Vernon's Civil Statutes.

Very truly yours,

WILL WILSON
Attorney General of Texas

By I. Raymond Williams, Jr.
I. Raymond Williams, Jr.
Assistant

IRW:mkh:zt

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

C. J. Taylor

Pat Bailey

Coleman Gay

Riley Eugene Fletcher

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Leonard Passmore