Diego ESPADA GARRIDO, Appellant,

v.

Maria Teresa IGLESIAS DE ESPADA, Appellee.

No. 08–89–00317–CV.

Court of Appeals of Texas, El Paso.

Feb. 14, 1990.

Albert Armendariz, Jr., El Paso, for appellant.

Douglas R. Eikermann, Mayfield & Perrenot, El Paso, for appellee.

Before OSBORN, C.J., and WOODARD and KOEHLER, JJ.

## OPINION

WOODARD, Justice.

■ This is an appeal from an interlocutory order denying a motion to dissolve a temporary injunction preventing the Appellant from instituting any action concerning a marriage relationship in any country, state or nation. We affirm.

Appellee, a citizen and resident of Mexico, sued her Appellant husband, also a citizen of Mexico, for an accounting, declaratory relief and fraud in regards to their marital property held in the United States and elsewhere. She subsequently amended her petition to include an action for divorce. The trial court issued a temporary injunction prohibiting the parties from various things, including the pursuit of marriage relationship court action elsewhere. This order was agreed to by the parties. Appellant moved the trial court to dissolve that portion of the order prohibiting court action elsewhere and was denied.

■ This appeal from an interlocutory order is sanctioned under Tex.Civ.Prac. & Rem.Code sec. 51.014(4) (Vernon Supp. 1990). The determination of the question of whether to dissolve the temporary injunction lies within the broad discretion of the trial court, and the issue presented by this appeal is limited to the narrow question of whether the trial court, in denying the motion to dissolve the existing temporary injunction, abused its discretion in the

matter. The burden of proving that the trial court, in denying a motion to dissolve a temporary injunction issued prior to a trial on the merits, abused its discretion is on the litigant who attacks the court's action. *State v. Friedmann*, 572 S.W.2d 373 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.).

The general rule is that when a suit is filed in a court of competent jurisdiction, that court is entitled to proceed to judgment and may protect its jurisdiction by enjoining the parties to a suit subsequently filed in another court of this state or of a sister state. *Gannon v. Payne*, 706 S.W.2d 304 (Tex.1986). The rule can also apply when the sovereigns involved are that of a foreign nation or its states, but any prohibition of that nature must be exercised sparingly and only by reason of very special circumstances. Proper considerations for the injunction of parallel actions are the protection of the trial court's jurisdiction, the prevention of a multiplicity of suits, or the protection of a party from vexatious or harassing litigation. *Id.*

We believe the special circumstance in this case that places the trial court well within its discretion is the initial mutual agreement of the parties to the injunction. The injunction invokes the trial court's authority to control the actions of both parties and inures to the benefit of both parties. Just as a party may not invoke the jurisdiction of the trial court within its general powers, and then seek reversal of its orders for want of jurisdiction (*Dipuccio v. Hanson*, 233 S.W.2d 863 [Tex.Civ.App.—Galveston 1950, no writ]), the trial court could consider estoppel as an additional special circumstance in denying a motion to dissolve an agreed temporary injunction which in effect determined exclusive personal jurisdiction. A general test to determine if a trial court abused its discretion is to examine whether it acted without reference to any of the guiding rules and principles of law. No abuse has been shown.

Judgment of the trial court is affirmed.