IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-70,991-02 & WR-70,991-03






EX PARTE JACKY CLAY REYNOLDS, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 417629 & 417630


 IN THE 8TH DISTRICT COURT FROM HOPKINS COUNTY




 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count
of attempted indecency with a child and one count of indecency with a child. Applicant's first
sentences were overturned by the Sixth Court of Appeals. Reynolds v. State, 227 S.W.2d 355 (Tex.
App.-Texarkana, 2007); Reynolds v. State, No. 06-05-00155-CR (Tex. App.-Texarkana, May 31,
2007). After re-sentencing, he was sentenced to fifty years' imprisonment on each count. He did not
appeal that re-sentencing.

 Applicant contends that his trial counsel rendered ineffective assistance by failing to secure
a witness' testimony, failing to object to a rebuttal witness' testimony based on its prejudicial effect,
and failing to seek a limiting instruction on extraneous bad acts evidence. Applicant contends that
his appellate counsel rendered ineffective assistance by failing to raise trial court error for the denial
of a defense's motion for continuance due to a witness' unavailability and for the trial court's ruling
that allowed a rebuttal witness to testify regarding extraneous bad acts by Applicant. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain responses from Applicant's trial counsel and appellate counsel regarding Applicant's
claims of ineffective assistance of counsel. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney or appellate attorney was deficient and, if so, whether counsel's deficient performance
prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: May 4, 2011

Do not publish