### PANOS v. FOLEY BROS. DRY GOODS CO. et al.
### No. 11837.

Court of Civil Appeals of Texas. Galveston.

Dec. 18, 1946.

C. F. Tucker and J. A. Copeland, both of Houston, for appellant.

Albert J. DeLange, J. C. Hutcheson, III, and Bernard J. Mackin, all of Houston (Baker, Botts, Andrews & Walne and De-Lange, Beman & Hudspeth, all of Houston, of counsel), for appellees.

CODY, Justice.

This is an appeal from an order refusing appellant a temporary injunction, and was filed here on August 30, 1946.

The suit, in connection with which he sought the temporary injunction, was to recover damages for breach of a lease contract between appellant, and appellee, Settegast Realty Company. The suit was also brought by appellant for damages against appellee Foley Bros. Dry Goods Company, but that phase of the suit is not now of importance here. We are here concerned primarily with the temporary injunction sought by appellant to restrain the execution of a writ of restitution, issued out of the county court at law of Harris County, in cause No. 51,184, styled Settegast Realty Company v. Steve Panos et al, in a judgment entered therein by agreement on May 21, 1946. The premises involved were 410-412 Fannin Street, on the ground floor of the Stratford Hotel Building in the City of Houston, Harris County, Texas.

On August 1, 1946, the presiding judge of the district court of Harris County granted an ex parte temporary restraining

order, preventing the execution of the aforesaid writ of restitution. Upon a hearing held on August 13, 1946, the trial court dissolved said temporary restraining order, and refused to grant the temporary injunction to restrain the execution of aforesaid writ of restitution. The further action of the trial court at that time is not here important on the appeal of his refusal to grant said temporary injunction.

■ On October 26, 1946, appellees filed a sworn motion to dismiss this appeal as moot. The motion must be granted. It appears therefrom that pending this appeal, and on September 10, 1946, the writ of restitution was executed, appellant evicted from the premises here involved, and the relationship of landlord and tenant theretofore existing between him and Settegast Realty Company terminated.

## Opinion.

■ As appears from the foregoing statement, the subject-matter of this appeal is the refusal of the court to grant a temporary injunction to prevent the execution of the writ of restitution pending the trial of the case on its merits. Had appellant delayed instituting his suit until after the writ of restitution had been executed, and he had been evicted, he would certainly not have sought a temporary injunction to restrain the execution of such writ. Courts of equity would not do so vain a thing as to order an act not to be done, which it was known had already been done. See Anderson v. City of San Antonio, Tex.Civ.App., 26 S.W.2d 353, and cases there cited.

Here appellant did indeed institute this suit before the writ of restitution had been executed, and prayed for the injunction to restrain such execution seasonably. But when the court refused after a hearing to grant the temporary injunction, there is no showing by appellant that he exercised diligence to prevent such execution pending the decision of his appeal of said refusal. Appellant could have applied to the trial court to prevent the execution of the writ of restitution pending this appeal; appellant could have applied to this court to preserve its jurisdiction to determine this appeal by restraining the execution of said writ of restitution. But this appellant neglected to do, and suffered his appeal to become moot.

Ordinarily it would be proper, after finding that an appeal had become moot, simply to dismiss the appeal, without in anyway passing upon the merits. And what is said hereafter is not to be treated by the trial court as the law of the case on the merits, but simply stated by us in answer to the following statement made by appellant in his "supplemental brief," namely: "As we understand appellees' motion to dismiss, as well as in their briefs, they urge this honorable court to subscribe to the strange and paradoxical doctrine that since they, themselves, by their own wrongful and unlawful actions have possession of the premises in question, they rendered moot the questions presented by this appeal. In other words, they are asking this court to become a party to their unlawful conspiracy either by tacitly sanctioning their illegal actions through the means of dismissal of this appeal, or by refusing to reverse the judgment of the trial court and remand this cause with instructions to the lower court to grant a mandatory temporary injunction restoring possession of such premises to appellant."

The quoted statement disregards the fact that appellees have expressly stated, and appellant has not denied, that on May 21, 1946, appellee Settegast Realty Company and appellant, by and with the approval of the county court entered an agreed judgment in the detainer suit. And that under said agreed judgment, so entered by said court in the exercise of its jurisdiction invoked by the parties for said purpose, it was expressly provided that a writ of restitution should issue on July 15, 1946. And that it was said writ of restitution which was executed on September 10, 1946. And, furthermore, appellant signed the agreed judgment personally, and was represented by counsel as and when the exercise of the jurisdiction of the county court was invoked to enter said agreed judgment.

The effect of an agreed judgment is thus stated in 34 C.J. 133, "But at the same time, as it has the sanction of the court, and is

entered as its determination of the controversy, it has the same force and effect as any other judgment, and in the absence of fraud or mistake is valid and binding, as such, as between the parties thereto and their privies, * * * ; and unless it is vacated or set aside in the manner provided by law, it stands as a final disposition of the rights of the parties thereto."

It is true that appellant urges that the court was without jurisdiction to enter said judgment. But it cannot be questioned that the court had at least potential jurisdiction to enter such a judgment. "To permit one to invoke the exercise of a jurisdiction within the general powers of a court and then to reverse its orders upon the ground that it had no jurisdiction would be to allow one to trifle with the courts. The principle is one of estoppel in the interest of a sound administration of the laws whereby the regularity or even validity of an act procured by one himself cannot be raised—not that the act is valid, for it may not be, and estoppel does not make valid the thing complained of, but merely closes the mouth of the complainant." Spence v. State National Bank, Tex.Com.App., 5 S.W.2d 754, 756. Without in anyway implying that the county court did not have the actual jurisdiction to approve and enter the agreed judgment, it is clear that the courts will not permit appellant to trifle with them by contending the county court did not have the jurisdiction to enter the judgment which he and his counsel joined appellee Settegast Realty in asking said court to enter.

Motion to dismiss appeal as moot granted.