**BRANNON v. PACIFIC EMPLOYERS INS. CO.**

No. 12230.

Court of Civil Appeals of Texas.   Galveston.
Dec. 7, 1950.

Rehearing Denied Jan. 4, 1951.

Peter P. Cheswick, of Houston, for appellant.

Chilton Bryan, of Houston, for appellee.

## CODY, Justice

This is a suit by an employee, against the compensation carrier of his employer and, judging from the formal allegations of his petition, the suit is one to rescind a compromise settlement of plaintiff's claim for compensation for injuries sustained on October 9, 1947, in the course of his employment, which settlement plaintiff alleged was induced by fraud of the compensation carrier (defendant). It may be added that this is the second appeal of this case and the Supreme Court in its opinion declaring the law of the case made it clear that the case, as plead, was one to rescind for alleged fraud a compromise settlement agreement of an employee's claim for compensation, as a preliminary step necessary to be taken by the employee to prosecuting his claim for compensation before the Industrial Accident Board, 224 S.W.2d 466. And since the Supreme Court's opinion was delivered there have been no material amendments of the pleadings of the parties which would in any way change the law of the case as laid down by the Supreme Court. However, at the conclusion of the evidence, the plaintiff urged below that the trial court had no jurisdiction over this case but that, to the contrary, the plaintiff's claim for compensation is now pending before the Industrial Accident Board because plaintiff alleges it was made to appear by the undisputed evidence that the Board had not acted finally on the proposed compromise settlement agreement which plaintiff sought, in this proceeding, to have set aside on the ground of fraud. And it is plaintiff's principal point on this appeal that the trial court erred in submitting any issue to the jury other than one inquiring whether or not the Board had finally approved the proposed compromise settlement.

In the pleading upon which plaintiff went to trial below, he alleged, among other things, that on November 17, 1947, he was summoned to the offices of the defendant, the compensation carrier, and was there informed that he was to receive his accumulated compensation to the extent of $115.00, and in that connection was asked to sign a paper there tendered him, which he signed accordingly and received $115.00; that thereafter on December 3, 1947, he received from the Industrial Accident Board a receipt for $100.00 with draft attached for said sum, together with instructions from the Board to execute said receipt and draft, and plaintiff then learned for the first time from said documents that in signing the paper in defendant's offices on November 17, he had purportedly executed a compromise settlement of his claim for compensation, which claim exceeded more than $10,-000.00, for $215.00. Plaintiff further alleged that as soon as he learned thereof, he declined to execute the aforesaid receipt and draft but would produce the same upon the trial.

At the conclusion of the evidence, as stated before, plaintiff presented to the court a motion to the effect that the undisputed evidence showed (1) that there had been no full satisfaction of the compromise agreement and (2) that the undisputed evidence showed there had been no final approval by the Board of the purported compromise settlement, and that the matter was still pending before the Board undisposed of and the Board has sole jurisdiction thereof as a matter of law.

The court, however, refused to find that it was without the jurisdiction which plaintiff had requested to be exercised, and the court accordingly submitted the case to the jury upon special issues which, so far as they were defendant's special issues, were in conformity with the law of the case as declared by the Supreme Court upon the former appeal. There was no special issue submitted inquiring with respect to fraud which, of course, was a plaintiff's special issue, and plaintiff requested no such sub-

mission and made no objection to the trial court's failure to submit any such special issue.

The sole special issue that was requested by plaintiff to go to the jury was "Do you find from a preponderance of the evidence that the alleged settlement agreement was not completed? Answer 'It was completed' or 'it was not completed.'" The court declined to give such requested special issue.

Upon the answers of the jury to the special issues which the court submitted to the jury, the court rendered judgment that plaintiff take nothing by his suit. The affect of the judgment was to hold that the compromise agreement was binding upon plaintiff. Plaintiff predicates his appeal upon four points. His first point is "The trial court erred in not sustaining plaintiff's motion for judgment non obstante veredicto because there was no evidence of a final and formal approval of the alleged settlement agreement by the Industrial Accident Board. Jurisdiction to determine the matter is still reposing in the Board * * *". By his third point, plaintiff complained of the court's submission of Special Issue No. 4 "because there was not sufficient evidence to sustain same as presented. There was no proof of a final and formal approval of the alleged settlement agreement by the Board upon which this issue is based, also, there was not sufficient evidence of such approval by the Board." (We omit giving plaintiff's other points as they complain of the submission of defendant's special issues, which were submitted by the court in obvious compliance with the law of the case as declared by the Supreme Court upon the former appeal.)

### Opinion

It is clear that, under the constitution and general statutes of the state, the appropriate courts have the jurisdiction to set aside a compromise settlement, which has been induced by fraud, of an employee's claim for compensation where said settlement has been finally approved by the Industrial Accident Board. Indeed, such jurisdiction is lodged exclusively in the courts, see Supreme Court's opinion on former appeal, 224 S.W.2d 466, and it is a part of the public policy enforced by the courts that where a party invokes the exercise of a jurisdiction within the court's general powers, he will not thereafter be heard to urge that the court was without the jurisdiction to render the order or judgment rendered in response to the action of the party invoking the exercise of such jurisdiction. Nicholson v. Mills, Tex. Civ.App., 227 S.W.2d 354; Spence v. State National Bank, Tex.Com.App., 5 S.W.2d 754, 756; J. Weingarten, Inc., v. Sanchez, Tex.Civ.App., 228 S.W.2d 303; Panos v. Foley Bros. Dry Goods Co., Tex.Civ.App., 198 S.W.2d 494, 496. But this rule does not apply here because before the court rendered judgment in this case, in the exercise of its jurisdiction, which had been invoked by plaintiff, the plaintiff urged that the court was without jurisdiction to act. Had the plaintiff seen fit to do so, he could have taken a non-suit at the conclusion of the evidence, and had he done so, he would clearly have been free to urge that the court did not have any jurisdiction over his claim. And we can think of no basis for holding that, by invoking the court's jurisdiction to set aside the compromise agreement for fraud, the plaintiff was bound, as having elected the right to such a remedy. Here, the plaintiff did not have two rights, between which he must elect. That is, he did not have a right to invoke the jurisdiction of the court to rescind, and at the same time also have a right to proceed before the Board.

It is well settled that the jurisdiction of the Board over all issues arising in the course of the administration of the Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq., is original and primary. The jurisdiction of the Board over compensation agreements and settlements is specially conferred by the terms of the act, and its approval made necessary to the validity of any agreement between the parties with reference thereto. Texas Employers' Ins. Ass'n v. Knouff, Tex.Civ.App., 271 S.W. 633, 636, writ refused. "A compromise agreement under the act is in the nature of an accord, and a settlement there-

under in the nature of a satisfaction thereof." Id. "An accord not fully executed may be set aside or rejected by the party entitled to receive satisfaction thereof. In such cases the original right of action remains, and what has been paid or delivered is allowed in diminution of the amount claimed." Id.

It appears to be the established practice of the Board, and which was followed in this instance, that it requires the proposed compromise of an employee's settlement of his claim for compensation with the compensation carrier be first filed with the Board and the Board, by appropriate action, preserves the right of the employee not to be bound by the agreement, or by the order of the Board approving the agreement, until the accord has been fully satisfied, as the law is indicated to be in the case last cited. In the proceedings before the Board with respect to approving the compromise settlement here involved, the Board entered an order on December 1, 1947, which reads "The Board finds the liability of the insurance carrier, or the extent of the injuries of the employee is uncertain, indefinite and incapable of being satisfactorily established. It is ordered that the compromise agreement [i. e., the compromise agreement of November 17, 1947] be, and the same is hereby approved." However, sub-joined to the order, so as to form an integral part of it, is the agreement of the parties. The agreement shows that it is for the sum of $215.00, and further provides "It is further agreed that this compromise agreement is made subject to the approval of the Industrial Accident Board, and that when said approval has been given *and the amount mentioned herein has been paid,* the same will have been fully consumated and the compensation under the Employers' Liability Act will have been fully and finally compromised, settled and satisfied." (Emphasis added.)

As a part of the order approving the settlement, it appears that the Board caused a letter to be written to defendant, reading in part: "This is to advise you that on ———— day of ———— 19—, the Board entered an order approving the compromise settlement agreement in the above cause. *You are requested to obtain from the claimant a compromise settlement receipt evidencing the payment of* this amount shown in the compromise *settlement agreement and to send such receipt to this office for filing. * * *"* (Emphasis supplied.)

The draft referred to in the Board's order is dated December 2, 1947, and provides that the attached receipt must be signed, and left attached otherwise the draft is invalid. And the receipt provides, after having used words serving to identify it with the claim of plaintiff, as follows:

"Compromise Settlement Receipt
Industrial Accident Board
Austin, Texas

"Notice. This receipt shall be executed in triplicate, one copy of which shall be kept by the employee, one copy by the insurance company, and *one copy immediately filed with the Industrial Accident Board.* Each space in the receipt must be completely filled out and correctly dated at time of execution. Failure to observe above instructions will result in return of this receipt."

The receipt then goes on to recite: "Received of Pacific Employers' Insurance Company the sum of Two Hundred and Fifteen Dollars and no cents in full compromise settlement, accord and satisfaction of all compensation and claims for compensation which I have or could have against it by reason of injuries received by me on or about the 9 day of October 1947, while in the employ of Richard R. Olmsted Co. of Houston, and being the identical amount agreed upon between Pacific Employers' Insurance Company and me in compromise settlement agreement heretofore entered into between us on or about 17 day of November 1947, and which has heretofore been presented to and approved by the Industrial Accident Board of the State of Texas, and to which reference is here made for all purposes." (Emphasis supplied.)

The space for the signature of the injured employee (plaintiff) is left blank; i. e., not signed by him.

■ The records of the Board, and its orders, are not required to be kept with the formality which would be observed by a court. The foregoing record of the Board with respect to the proposed compromise settlement agreement, in our opinion, together with the evidence that the receipt and draft were never executed and the satisfaction never received, conclusively establishes that the approval of the Board with respect to the proposed agreement never became final.

Under the Knouff case, cited above, the plaintiff has the right, where the defendant fails to complete the satisfaction of the accord, to repudiate the agreement, even though the failure of the defendant to complete such satisfaction was due to the refusal of the plaintiff to accept such satisfaction. That is, until there had been a satisfaction of the accord contemplated by the settlement, there was no settlement, and it is clear that the Board did not intend its order of approval to be final unless or until the plaintiff had received the full satisfaction of the accord.

Since there was no final order approving the proposed compromise settlement, the said proposed compromise settlement is still pending before the Board. And since the approval by the Board was not final, there was no binding contract which could be set aside only by an exercise of the court's exclusive jurisdiction to rescind for fraud.

What has been said would require that the court's judgment be reversed and the cause dismissed except for this fact: The appellee has attached to its brief a photostatic copy which purports to be the above described receipt executed by the plaintiff herein and witnessed by his attorney after the judgment was rendered but before the appeal was perfected. It seems clear to us that, if it had been made to appear in the trial court, prior to judgment rendered therein, that plaintiff had executed the receipt and draft and that the same had been returned to the Board and filed with the Board, that the approval of the Board would have become final and the plaintiff's only remedy would have been to resort to the court for rescission of the contract as finally approved by the Board. Appellant has denied in a reply brief (1) that such information can be available to this court and (2) that if it is so available, that he executed said receipt. In view of this denial on the part of appellant, we will not further consider such evidence. But should the appellee on motion for rehearing show by proper certificate from the Board, and otherwise authenticated so as to be a binding portion of the record in this case, that said receipt has been filed with the Board as having been executed by plaintiff, we know of no reason why it would not be necessary to hold that the order of the Board approving the compromise settlement agreement had become final. In the absence of such a showing, and in conformity with the foregoing opinion, the judgment of the trial court is reversed and the cause dismissed.

## On Appellee's Motion for Rehearing.

■ It is fundamental that, unless a party to a proceeding has become estopped to question the court's jurisdiction, he may raise the question of the court's jurisdiction at any time prior to the exercise thereof by the court, and that without any pleadings. Indeed, it is ordinarily a court's duty to dismiss any proceeding when it is made to appear, no matter how, that it is without jurisdiction, and cannot render a judgment or make an order that is valid.

■ Appellee has tendered a certificate which, if it is admissible, shows that since the trial of this case that the "compromise settlement receipt", stamped as "received Apr. 28, 1950" by the Industrial Accident Board is now lodged in and forms a part of the records of the Board in respect to the claimant's claim before the Board. We have found no authority under which it can become a part now of the record in this case, subject to consideration by this Court, since it formed no part of the record of the case in the trial court. However, it is not to be understood that the ruling in this case goes further than having held that, at the time of the trial below, it was made to affirmatively appear that there had been

no satisfaction of the accord. If the record before the Board now shows that since the trial of this case the accord has been satisfied by reason of plaintiff having cashed the receipt, resulting in giving finality to the compromise settlement, the Board will be confronted with a different record than that which appeared at the trial of this case. Whether or not plaintiff's claim be now pending before the Board or whether plaintiff be now relegated to such relief as the Courts may give is not a question before this Court on this appeal.

Appellee's motions to supplement the record and for a rehearing are refused.