John L. SHAUNTY, Appellant,

v.

BURRUS MILLS, INC., Appellee.

No. 16253.

Court of Civil Appeals of Texas.
Fort Worth.

Sept. 22, 1961.

Rehearing Denied Oct. 13, 1961.

Woodruff, Morgan, Woodruff & Nobles, and W. B. Woodruff, Jr., Decatur, for appellant.

Carrington, Johnson & Stephens; Paul Carrington and Dan McElroy, Dallas, for appellee.

RENFRO, Justice.

Plaintiff sued defendant on verified account for the sum of $6,550.10. Defendant conceded the correctness of the sworn account but filed cross-action for $200,000 actual and exemplary damages growing out of an alleged wrongful termination by plaintiff of an oral agreement between the parties whereby defendant agreed to handle and sell at retail feed products processed and furnished to defendant by plaintiff. The cross-action alleged defendant had "been damaged in the amount of the going concern value of his said business enterprise" or, alternatively, "has been so damaged in the amount of his reasonably anticipated profits which would have accrued by virtue of the contractual arrangement with Burrus Mills."

Based upon pleadings, motions and replies thereto, depositions and affidavits, the court, on motion for summary judgment by plaintiff, entered judgment for plaintiff both as to the verified account and as to defendant's cross-action.

On appeal, defendant contends judgment against him on his cross-action was improper because the evidence raised a fact issue as to the existence of a confidential relationship analogous to a "joint venture" between the parties and a violation thereof by plaintiff.

We have studied the entire record and fail to find any evidence which would support a finding that any kind of confidential relationship existed between the parties, by. virtue of their contract, other than the usual relationship between manufacturer and dealer. The evidence is undisputed that plaintiff sold to defendant at the same prices it sold to other dealers; there was no sharing of losses or profits; neither could bind the other on liabilities and neither could control the activities of the other. Defendant testified he was obligated to plaintiff for nothing other than to pay for merchandise he ordered.

■ In summary judgment proceedings, formal issues framed in the pleadings are not controlling when extrinsic evidence demonstrates the absence of any true issue. Reese v. Davitte, Tex.Civ.App., 255 S.W.2d 1015; McFarland v. Connally, Tex.Civ. App., 252 S.W.2d 486; Savoy v. Graham Memorial Auditorium Association, Tex.Civ. App., 329 S.W.2d 352.

■ Viewing the evidence in the light most favorable to defendant's contention, it failed to present a true issue concerning "joint venture" or confidential relationship and a violation thereof because defendant wholly failed to establish or present evidence tending to establish the elements necessary to show such relationship. Brown v. Cole, 155 Tex. 624, 291 S.W.2d 704, 59 A.L.R.2d· 1011; Luling Oil & Gas Co. v. Humble Oil & Refining Co., 144 Tex. 475, 191 S.W.2d 716; and Holcombe v. Lorino, 124 Tex. 446, 79 S.W.2d 307.

■ Defendant's claim was for damages for a· period following the cessation of business with plaintiff. The evidence was undisputed that the agreement provided for no definite time of duration. According

to defendant's own testimony the agreement was terminable at the will of either party. Plaintiff did not agree to supply any specified amount of products for any definite period of time. Defendant did not agree to purchase any particular amount of products for any definite period of time. According to defendant, the "arrangement" between the parties was to continue "as long as it was a good business arrangement."

Since, under the evidence and circumstances of this case, the contract was terminable at the will of either party, plaintiff's failure to continue to furnish defendant with feed products furnished defendant no legal ground for redress. Mutual Film Corp. v. Morris & Daniel, Tex.Civ.App., 184 S.W. 1060; General Shoe Corp. v. Hall, Tex.Civ.App., 123 S.W.2d 721; Hooven Radiator Co. v. Little Motor Kar Co., Tex. Civ.App., 291 S.W. 313.

The judgment of the trial court is affirmed.