**L. E. LONG, Appellant,**

v.

**Madge A. LONG, Appellee.**

No. 16388.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 15, 1963.

Homer L. Cox, Houston, for appellant.

Mauzy & Mauzy and D. Bart Mauzy, Houston, for appellee.

LANGDON, Justice.

L. E. Long, the appellant, brought this suit, a divorce action, against his wife Madge A. Long, appellee, in the usual statutory form. Trial was to the court without a jury. It resulted in a judgment in favor of the defendant denying the divorce, awarding attorneys' fees to the defendant and assessing costs against the plaintiff. In response to the appellant's request the trial court filed findings of fact and conclusions of law which included the following finding: "2. Although plaintiff and defendant each testified as witnesses in the case, neither testified that the plaintiff, L. E. Long was an actual bona fide inhabitant of the State of Texas for a period in excess of 12 months and resided in Harris County more than 6 months next preceding the filing of the petition for divorce herein."

The appellant contends that the court in a divorce action may neither grant nor deny a divorce unless the plaintiff both pleads and proves that he has been an actual bona fide inhabitant of the State of Texas for a period of 12 months and a resident of the county where the suit was filed for 6 months next preceding the filing of the petition for divorce. That judgment of dismissal is the only proper judgment in such a case.

It is undisputed that the plaintiff in this case, who is the appellant on this appeal, properly plead the facts relating to residence as required by Art. 4631, Vernon's Ann.Tex.St. His second amended petition filed January 22, 1962, containing such allegations was signed by him and by two attorneys representing him. Further the appellant signed the petition a second time under the usual recitations of a sworn pleading. He also alleged that his wife was a resident citizen of Harris County.

The sole question to be determined by this court is whether a party who by appropriate pleading invokes the jurisdiction of a court and is accorded a full and complete trial on the merits, but who fails to offer proof in support of his pleading as to jurisdiction of the court may because of such failure on his part set aside the judgment of the trial court which was adverse to him on an appeal.

We have concluded that he may not.

The opinion in the case of Panos v. Foley Bros. Dry Goods Co., Tex.Civ.App., 198 S.W.2d 494, contains a statement of the law which very adequately disposes of the question involved in this case: "It is true that appellant urges that the court was without jurisdiction to enter said judgment. But it cannot be questioned that the court had at least potential jurisdiction to enter such a judgment. 'To permit one to invoke the exercise of a jurisdiction within the general powers of a court and then to reverse its orders upon the ground that it had no jurisdiction would be to allow one to trifle with the courts. The principle is one of estoppel in the interest of a sound administration of the laws whereby the regularity or even validity of an act procured by one himself cannot be raised—not that the act is valid, for it may not be, and estoppel does not make valid the thing complained of, but merely closes the mouth of the complainant.' Spence v. State National Bank, Tex.Com.App., 5 S.W.2d 754, 756. Without in anyway implying that the county court did not have the actual jurisdiction to approve and enter the agreed judgment, it is clear that the courts will not permit appellant to trifle with them by contending the county court did not have the jurisdiction to enter the judgment which he and his counsel joined appellee Settegast Realty in asking said court to enter."

In the Commission of Appeals case affirming the judgment of the District Court and the Court of Civil Appeals, 294 S.W. 618, in the case of Spence et ux. v. State National Bank of El Paso et al., supra, it was stated: "But this irregularity, even though it be jurisdictional, will not avail plaintiffs in error. The plaintiffs in error having invoked the jurisdiction of the court to appoint a receiver of their property (the court having jurisdiction over the subject-matter), they will not thereafter be permitted to question the validity of such appointment for the want of jurisdiction."

In the case of Harris v. Harris, Tex.Civ. App., 190 S.W.2d 489, the appellant-husband was appealing from a judgment of the trial court contending that the court did not have jurisdiction to try the case for the reason that the jurisdiction allegations were insufficient. The court in overruling the contentions of appellant stated: "Not only did appellant fail to object, or except, in the trial court to this averment, but, as indicated by his cross-action, he so answered the allegations of appellee's petition, thereby invoking the jurisdiction of the court on the merits, and seeking affirmative relief for himself; but he further, in fact, expressly admitted the truth of the quoted paragraph I of the wife's trial petition, denying only her additional averments concerning the other subject matter of the suit.

"In this state of the record, it is plain, not only that appellant is in no position in this court to raise such question as to the court's jurisdiction, but, if he were, it could not be sustained, since the quoted residential averment has been held anyway to be tantamount to alleging that she had resided in Galveston County for more than six months prior to the filing of her petition. Rule 90, Texas Rules of Civil Procedure; Prendergast v. Prendergast, Tex.Civ.App., 122 S.W.2d 710; Therwhanger v. Therwhanger, Tex.Civ.App., 175 S.W.2d 704."

The following statement of the law is contained in 4 Tex.Jur.2d, sec. 766, pp. 275, 276, 277, "An appellant may not secure a reversal for error that he committed or invited. * * * The doctrine of invited error also precludes one who invokes the jurisdiction of a court from questioning the jurisdiction on review."

In holding that the best proof of the residence requirements in divorce actions is the plaintiff's petition, the court in Hill v. Hill, Tex.Civ.App., 205 S.W.2d 82, stated: "While Article 4631 is not a jurisdictional statute, it prescribes the qualification of the plaintiff to maintain a suit for divorce and requires that suit must be filed in the county where the plaintiff has resided for six months next preceding the filing of such suit. The residence of the defendant has nothing to do with the venue of divorce

**216**

suits, and the only venue fact to be determined in the suit for divorce is the nature of the suit or cause of action. The best proof of such fact, being the plaintiff's petition which need not be formally introduced in evidence since the trial court takes judicial knowledge thereof."

It is significant to note that the record in this case does not contain one single word or statement which in any way questions the residence of the parties. The fact of residence is not denied even now.

Under the facts of this case the contentions urged by the appellant in questioning the jurisdiction of the court which was invoked by him are overruled. The judgment of the trial court is affirmed.