**Neil Creason JETT, Appellant,**

v.

**Edna Erle SIDES et al., Appellees.**

**No. 4120.**

Court of Civil Appeals of Texas.

Waco.

April 25, 1963.

Rehearing Denied May 16, 1963.

Flowers & McManus, Channelview, for appellant.

Reid, Strickland, Gillette & Ramsey, W. Bruce Ramsey, Baytown, Chas. L. Price, Baker, Botts, Shepherd & Coates, Roger R. Wright, Jr., Houston, for appellees.

TIREY, Justice.

This is an appeal from the order of the Court of Domestic Relations No. 3 of Harris County, Texas, granting defendants' motion for summary judgment. Plaintiff went to trial on her original petition which was filed January 3, 1962. Pertinent to this discussion she alleged that on the 1st day of July, 1960, she filed a petition in Cause No. 552,474 in the same court against Arnold J. Jett, asking for an annulment of her marriage to him; that on the same day such court entered a decree purporting to annul the marriage of plaintiff and Jett, which decree is recorded in Vol. 28 of the minutes of such Court; that the decree

shows on its face that Jett wholly failed to appear at the time of the hearing and that the judgment roll in such cause showed no citation was ever issued, and that no service was ever had on Jett, and that Jett filed no answer; that the decree further recites that Jett had waived the issuance of citation and service and return on him, and had entered his appearance; that the judgment roll reflects that the purported waiver was executed June 27, 1960 before the suit was filed on July 1, 1960; that the signing of the waiver before the suit was filed was in direct violation of Art. 2224 of Vernon's Ann.Tex.Civ.St., and that such waiver was void "or at least voidable" and that said decree cast a cloud upon the status of this plaintiff as the widow of Jett, who died in Harris County on August 13, 1961.

The petition further alleges that Jett left surviving him by a former marriage, a son and a daughter, and that Jett left a certain surviving benefit fund with the Humble Oil & Refining Company payable to his widow; and alleged that the Equitable Life Assurance Society of the U. S. had insured the payment of such fund; that the trustees of the annuity and benefit fund of Humble Oil & Refining Company had funds in their account due the plaintiff, and that the payment of these funds was being held up because of the void or voidable decree of annulment heretofore granted to plaintiff.

Plaintiff made the son and the daughter and her husband, and each of the other herein named parties, defendants, and she prayed that she have an order setting aside and cancelling the former decree of annulment heretofore entered. Each of defendants answered and thereafter, on August 22nd, filed a joint motion for summary judgment. Pertinent to this discussion they set up in their motion that there was no genuine issue as to any material facts, and that the plaintiff is not, as a matter of law, entitled to the relief which she seeks; that the annulment decree of July 1, 1960 was a final judgment and that it cannot be vacated except by bill of review, and that plaintiff has no standing to invoke the equity jurisdiction of such court by a bill of review; and further that the plaintiff is estopped to assert that this court did not have jurisdiction to enter the annulment decree since she had invoked such jurisdiction in the first instance; that the sole basis for plaintiff's attack is that Jett executed the waiver of service of citation 4 days prior to the date plaintiff's petition was filed, and that since such waiver was executed in violation of Art. 2224, V.A. T.S., the court did not acquire jurisdiction over the person of Jett and that the annulment decree is void; that the annulment decree was entered on July 1, 1960, and since no motion for new trial was made and no appeal was taken, and no writ of error was perfected, the decree became final 30 days from the date of entry by virtue of the provisions of Rule 329–b(5), Texas Rules of Civil Procedure. The motion further alleged that the decree of July 1, 1960 recited the necessary prerequisites for acquiring jurisdiction over the person of Jett and that the judgment is therefore regular upon its face, and that the judgment entered thereon was voidable only, under the authority of Bragdon v. Wright, Tex.Civ.App., 142 S.W.2d 703, writ dismissed.

Appellant's Points 1 and 2 are to the effect that the court erred because (1) it should not have allowed the defendants to introduce evidence at the hearing on the motion for summary judgment, because Rule 166–A, T.R.C.P., providing for such motions presupposes only law questions and issues of fact made by the pleadings, admissions, depositions and affidavits before the court; (2) that the court should not have overruled plaintiff's motion to dismiss the motion for summary judgment because the motion did not have attached to it certified copies of the deposition in the case at bar, and the pleadings and judgment in the annulment case. We overrule each of these contentions for reasons hereinafter briefly stated.

First of all, plaintiff filed no reply to the motion for summary judgment. She did file a motion to dismiss it. The sole basis for plaintiff's attack on the jurisdiction of the court was to the effect that the waiver of citation was executed by Jett on June 27, 1960, four days prior to the time the suit was actually filed on July 1, 1960, and that that was contrary to the provisions of Art. 2224 V.A.T.S. The depositions of plaintiff and her attorney in the annulment suit were taken on April 6, 1962, and were thereafter filed in the trial court. Thereafter, the defendants filed their joint motion for summary judgment, in which they alleged there were no genuine issues of any material facts and that plaintiff was not entitled as a matter of law to the relief she sought.

█ Defendants' motion for summary judgment asserted, among other things, that the annulment judgment was not void, and could be vacated at this time only by a bill of review, and that plaintiff had no standing to invoke such equity jurisdiction. The motion further alleged that under all the facts, plaintiff was estopped to bring the instant action. It is obvious that the doctrine of estoppel and invited error precludes plaintiff from any relief. See Long v. Long, Tex.Civ.App., 365 S.W.2d 214; also Panos v. Foley Bros. Dry Goods Co., Tex.Civ.App., 198 S.W.2d 494; Spence v. State Nat. Bank of El Paso, Tex.Com.App., 5 S.W.2d 754, 756 (Com.App.); 4 Tex. Jur.2d sec. 766, pp. 275, 276, 277.

█ As we understand appellant's position, it is to the effect that the court erred in its failure to dismiss defendants' motion for summary judgment on the ground that certified copy of the plaintiff's oral deposition and certified copies of the papers in the former annulment suit were not formally attached to the motion for summary judgment. There is absolutely no merit in this contention. It is our view that the summary judgment is supported by the pleadings, the admissions of the plaintiff in her petition, the depositions on file and the certified copies of the instruments filed in the prior annulment suit by the plaintiff, to-wit: the judgment, the waiver of citation and the petition. Actually, the certified copies of the above instruments do not show anything of significance in addition to those allegations already admitted and recited in the plaintiff's original petition, and they are the same instruments upon which she relies in her suit to set aside the annulment. The material facts are undisputed and uncontroverted. Perhaps we should point out that the depositions on file established without dispute consistent with the allegations in the plaintiff's petition, that she voluntarily, and without any force or duress, invoked the jurisdiction of the court and filed the annulment suit and obtained a judgment in her favor, solely upon her own testimony; that her attorney prepared all the papers; that he prepared the waiver and had prepared the petition some two weeks prior to filing the suit, and that he waited to file the suit until four days after the defendant came to his office and signed the waiver. It is without dispute that the petition and waiver were filed and the annulment hearing held on the same morning with the plaintiff and her attorney being the only persons present. Both parties knew that the annulment had been granted, and less than two weeks later, her attorney sent three copies of the annulment decree to Jett. Neither party ever attempted to do anything about setting aside the annulment until the instant suit was filed by the appellant, almost one and a half years later, and some five months after the death of Jett, in order that plaintiff could make a claim for property acquired by Jett during his lifetime. It is without dispute that appellant was married to Jett for only eight months prior to the annulment, and that one of the grounds in her annulment suit was that she discovered that he didn't have as much property as he represented at the time of the marriage. So far as we have been able to find, no Texas court has ever made a requirement that depositions on file be physically attached to the motion

before they can be considered by the court in a summary judgment hearing, and we think the contrary is true. See Allen v. Western Alliance Ins. Co., Tex., 349 S.W. 2d 590, Sup.Ct.; Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948, Sup.Ct.; Gulf, Colorado & Santa Fe Ry. v. McBride, 159 Tex. 442, 322 S.W.2d 492, Sup.Ct.; Brownson v. New, Tex.Civ.App., 259 S.W.2d 277, writ dis.; Stafford v. Wilkinson, 157 Tex. 483, 304 S.W.2d 364, Sup.Ct.; Reese v. Davitte, Tex.Civ.App., 255 S.W.2d 1015; Statham v. City of Tyler, Tex.Civ.App., 257 S.W.2d 742, n. r. e.; Starr v. Ripley, Tex.Civ.App., 265 S.W.2d 225, no writ history; Fowler v. Texas Employers' Ins. Association, Tex.Civ.App., 237 S.W.2d 373, writ ref.; Shaunty v. Burrus Mills, Tex. Civ.App., 349 S.W.2d 789, no writ history; Watson v. Druid Hills Co., Tex.Civ.App., 355 S.W.2d 65, n. r. e.

With reference to the certified copies of the petition, waiver and annulment decree, plaintiff does not claim that there is any disputed fact issue contained therein. On the contrary, the foregoing are the very instruments referred to and relied upon by her in her petition in this suit, and she alleges and recites some of the provisions contained in the instruments referred to. Needless to say, her contention in this behalf is without any merit. We think it is well settled in Texas that where the documents are court records in the same court of which the trial court may take judicial notice (as is the case here) such instruments may be considered by the court in determining whether there is an issue of material fact without the necessity of their being physically attached to the motion for the summary judgment. See Willoughby v. Jones, 151 Tex. 435, 251 S.W.2d 508, Sup. Ct.; Womble v. Atkins, Tex.Civ.App., 314 S.W.2d 150, aff. 160 Tex. 363, 331 S.W.2d 294; Maxwell v. Campbell, Tex.Civ.App., 282 S.W.2d 957, n. r. e.; Pridgen v. Denson, Tex.Civ.App., 298 S.W.2d 276, n. r. e.

Perhaps we should say that we have examined the opinion in Toliver v. Bergmann, Tex.Civ.App., 297 S.W.2d 208, and also Gardner v. Martin, Tex., 345 S.W.2d 274 by the Supreme Court, and these cases are not applicable to the factual situation here. We think this cause is ruled by Rule 329–b (5), T.R.C.P., which rule is fully discussed by our Supreme Court in McEwen v. Harrison, Tex., 345 S.W.2d 706. In that opinion we find this statement by our Supreme Court:

"Accordingly, we construe the emphasized provisions of Rule 329–b to mean that when the time for filing a motion for new trial has expired and relief may not be obtained by appeal, a proceeding in the nature of a bill of review is the exclusive method of vacating a default judgment rendered in a case in which the court had jurisdictional power to render it. Into this category will fall those cases in which a default judgment is asserted to be void for want of service, or of valid service, of process. * * * With this construction of the Rule, we may assume, without deciding, that Texaco is correct when it says that the default judgment against it is a void judgment and that its motion to vacate is a direct attack on the judgment. We are yet compelled to hold that the order vacating the default judgment is unauthorized and void because the district court had jurisdictional power to determine the validity of the service. (Indeed, it was its duty to do so) and to render the judgment, and Texaco's motion to vacate it does not qualify as a bill of review."

The opinion of the Supreme Court is clear and comprehensive and it is applicable to the factual situation here before us, and under the construction given to Rule 329–b (5) aforesaid, it was the duty of the trial court to grant defendants' motion for summary judgment, and its action in so doing is affirmed. We have considered each of the other points tendered by appellant and each is overruled. All cost is taxed against appellant.