**W. Lee MOORE, Jr., Temporary Administrator of the Estate of Virgil C. Moore, Deceased, Appellant,**

**v.**

**Jeanne MOORE, Appellee.**

**No. 17102.**

Court of Civil Appeals of Texas.

Dallas.

June 14, 1968.

Rehearing Denied July 12, 1968.

Fred S. Abney and Ernest Conner, of Abney & Burleson, Dallas, for appellant.

James J. Hartnett, of Turner, Hitchins, Webb, McInerny & Hartnett and Dean Carlton, of Meer, Chandler & Carlton, Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

This action involves a claim for a widow's allowance as authorized by Sec. 286 et seq.; of the Texas Probate Code, V.A.T.S. Jeanne Moore, widow of Virgil C. Moore, deceased, made application to the Probate Court of Dallas County for such allowance and was awarded $42,366, less certain offsets and advances. W. Lee Moore, Jr., in his capacity as Temporary Administrator of the Estate of Virgil C. Moore, Deceased, appealed from such award to the district court.[1] Following jury trial a judgment awarding widow's allowance was rendered from which judgment the temporary administrator appeals to this court.

The facts are undisputed. Virgil C. Moore died August 10, 1966. He left a will dated August 3, 1966 in which W. Lee Moore, Jr. was appointed independent executor. On August 11, 1966 W. Lee Moore, Jr. filed application in the Probate Court of Dallas County to probate this will and on August 22, 1966 such court entered its order duly admitting the will to probate

---

1. Sec. 5, Texas Probate Code; Rules 332–338, Texas Rules of Civil Procedure.

and appointing W. Lee Moore, Jr. independent executor, without bond, and directing that letters testamentary be granted upon taking oath required by law. The oath was filed and letters testamentary issued on August 22, 1966. Thereafter on January 19, 1967 an inventory, appraisement and list of claims was filed by the independent executor which was approved by the court by order dated March 1, 1967.

In the meantime Jeanne T. Moore, wife of the deceased, Virgil C. Moore, filed a contest in the probate court, seeking annulment of the will of Virgil C. Moore, deceased, and such contest was duly heard. On March 8, 1967 the probate court entered its judgment sustaining the will and overruling contestant's petition for annulment. Mrs. Moore gave notice of appeal to the District Court of Dallas County, Texas.

On March 17, 1967 the probate court entered an order wherein, after reviewing the facts above set forth, it was recited:

" * * * and it being the opinion of the Court that pending the outcome of the contest of the probate of the will of Virgil C. Moore dated August 3, 1966, that there is a need for court administration, and that it would be in the best interests of the estate to suspend the powers of the Independent Executor under such will of Virgil C. Moore and to appoint a Temporary Administrator with bond pending the final disposition of this cause, and that W. Lee Moore, Jr. is not disqualified from serving in the capacity of Temporary Administrator.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the independent administration of W. Lee Moore, Jr. under the will of Virgil C. Moore, executed August 3, 1966 be, and

the same is, hereby suspended pending final disposition of this cause;

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that W. Lee Moore, Jr. of Dallas County, be, and he is hereby appointed Temporary Administrator of the Estate of Virgil C. Moore, Deceased, and that letters of temporary administration issue to him on giving bond in the sum of $200,000.00, payable and conditioned as required by law, and upon taking the oath required by law * * *."

The above order recites that: "Proponent W. Lee Moore, Jr., individually and as Independent Executor of the Estate of Virgil C. Moore, Deceased, did then and there except and give notice of appeal to the District Court of Dallas County at Dallas, Texas." [2]

Thereafter on March 30, 1967 Mrs. Moore filed her application for widow's allowance in the sum of $36,000. Following hearing in the probate court and on April 28, 1967 an order was issued directing the temporary administrator to pay Mrs. Moore the sum of $42,366, less certain offsets and credits. This order was appealed by the temporary administrator to the district court.

In the trial of the cause, *de novo,* in the district court the jury was asked to answer one special issue only, which made inquiry as to the amount of money sufficient for the maintenance of the widow for one year. The jury responded: "$51,984.00".

Prior to submission of the charge to the jury the temporary administrator objected to the issue submitted wherein, for the first time, he contended that the probate court had no authority to suspend him as independent executor and therefore the action of the district court in submitting the issue was void. The record is silent as to

---

2. While not apparent in this record, we are advised in appellee's brief that appeal from this order was perfected to

the district court and is now pending in that court.

whether this objection was presented to or ruled upon by the court. It was preserved in the amended motion for new trial which was overruled and exception taken.

Judgment was finally rendered, *nunc pro tunc,* awarding the widow $36,000, the amount prayed for in her application.

By his first point of error appellant contends that the order of the Probate Court of Dallas County creating the temporary administration in the Estate of Virgil C. Moore, Deceased, was void *ab initio,* and therefore the action of the district court, being an appeal from an order of the probate court, was of no force and effect.

Appellant's contention contained in this point is directed to the validity *vel non* of the order of the probate court suspending him as Independent Executor of the Estate of Virgil C. Moore, Deceased. He says that since the probate court had no power or authority to issue the order suspending him as independent executor then it follows that any and all acts done by the Temporary Administrator of the Estate of Virgil C. Moore, Deceased were void and of no effect so that consequently the district court acquired no jurisdiction to hear and determine the case on appeal from the probate court.

We entertain grave doubts that the probate court possessed the power and authority to remove or suspend the independent executor under the circumstances here presented.[3] However, we need not decide this question for the reason that appellant temporary administrator finds himself estopped by law to assert the contention. W. Lee Moore, Jr. accepted the appointment as temporary administrator and duly qualified as such. Following the granting of the widow's allowance by the probate judge the temporary administrator perfected an appeal to the district court wherein he asked

that court to assume jurisdiction and, upon final judgment, deny the widow her application for allowance. He, in his capacity as temporary administrator, having invoked the jurisdiction of the district court, cannot now be heard to question that jurisdiction. It is a part of the public policy enforced by the courts of Texas that where a party invokes the exercise of a jurisdiction within the court's general powers, he will not thereafter be heard to urge that the court was without jurisdiction to render the order or judgment rendered. The general rule is thus announced in 4 Tex.Jur.2d, § 766, p. 276:

> "The doctrine of invited error also precludes one who invokes the jurisdiction of a court from questioning the jurisdiction on review. And a party who induces the trial court to act on a particular assumption or theory is estopped from asserting in the appellate court that the theory was incorrect."

The principal case in support of this rule is Spence et ux. v. State Nat. Bank of El Paso et al., 5 S.W.2d 754 (Tex.Com.App. 1928), wherein the court said:

> "But this irregularity, even though it be jurisdictional, will not avail plaintiffs in error. The plaintiffs in error having invoked the jurisdiction of the court to appoint a receiver of their property (the court having jurisdiction over the subject-matter), they will not thereafter be permitted to question the validity of such appointment for the want of jurisdiction. [Citing authorities.] * * * To permit one to invoke the exercise of a jurisdiction within the general powers of a court and then to reverse its orders upon the ground that it had no jurisdiction would be to allow one to trifle with the courts. The principle is one of estoppel in the interest of a sound administration of the laws whereby the regularity or even va-

3. Sec. 145, Texas Probate Code; Sec. 3 (aa), Texas Probate Code; Sec. 222(b), Texas Probate Code; Roy v. Whitaker, 92 Tex. 346, 48 S.W. 892, 49 S.W. 367; Tex.Civ.App., 50 S.W. 491; King v. King,

230 S.W.2d 335 (Tex.Civ.App., Amarillo 1950, no writ); Bell v. Still, 389 S.W. 2d 605 (Tex.Civ.App., Waco 1965, affirmed S.Ct. 1966, 403 S.W.2d 353).

lidity of an act procured by one himself cannot be raised—not that the act is valid, for it may not be, and estoppel does not make valid the thing complained of, but merely closes the mouth of the complainant."

This salutary rule of law has been consistently followed by the courts to the present time. Panos v. Foley Bros. Dry Goods Co., 198 S.W.2d 494 (Tex.Civ.App., Galveston 1946); Brannon v. Pacific Employers Ins. Co., 235 S.W.2d 669 (Tex.Civ. App., Galveston 1950); Dutchover v. Dutchover, 334 S.W.2d 569 (Tex.Civ.App., El Paso 1960); Long v. Long, 365 S.W.2d 214 (Tex.Civ.App., Fort Worth 1963); Jett v. Sides, 367 S.W.2d 921 (Tex.Civ.App., Waco 1963); and Garza v. Perez, 403 S.W. 2d 849 (Tex.Civ.App., Corpus Christi 1966).

■ As above related, the temporary administrator raised no question in the probate court concerning his lack of authority to resist the widow's application. Affirmatively invoking the jurisdiction of the district court on appeal the temporary administrator wholly failed to protest the jurisdiction of that court and failed to comply with Rule 93, Texas Rules of Civil Procedure, by denying under oath his capacity to be sued. Moreover, the statement of facts and transcript before us reveal that none of the evidence relating to suspension, and especially the various orders of the probate court, were ever offered in evidence during the trial of the case in the district court. For all of these reasons we conclude that appellant is estopped from presenting this question at this time and therefore overrule his first point of error.

By his second point of error appellant contends that the trial court erred in submitting the special issue concerning family allowance without "taking judicial knowledge of Florida law in accordance with appellant's motion timely made, since appellee was a permanent resident of the State of Florida and any award made to her should be controlled by the law of that state." The burden of appellant's argument under

this point is that there is some evidence to demonstrate that Mrs. Moore was a resident of the State of Florida at the time of the death of her husband, Virgil Moore, and therefore any question of widow's allowance should be governed by the terms and provisions of the Florida law, and not by Texas law. We cannot agree with appellant.

■ It is well established in Texas that it is the domicile of the decedent, not the widow, which determines the right of the widow to an allowance. The rule is thus stated in 18 Tex.Jur.2d, Decedents' Estates, § 497, p. 405:

"The family of a decedent is not entitled to an allowance in lieu of a homestead out of property in the course of administration within the state, unless the decedent at the time of death was domiciled in the state. The right of the widow and children of the deceased to an allowance in lieu of exempt property is not, however, affected by the fact that they have left the state, or may intend to leave it as soon as the allowance is assigned to them. Their right to the allowance depends on whether the domicil of the deceased was in this state at the time of his death, and not on their place of residence." Citing Alston v. Ulman, 39 Tex. 157 (1873), and Green v. Crow, 17 Tex. 180 (1856).

There is no dispute in the record that Virgil C. Moore, the decedent, was a resident of Texas at the time of his death. Appellant's contention is overruled.

By his third point of error appellant asserts that the trial court erred in admitting into evidence appellee's Exhibit No. 1 and appellee's testimony based thereon over the objection that no proper predicate had been laid to show what records formed the basis of the summary contained in such exhibit, nor to show appellee's competency to express an opinion based on her examination of such records. The record reveals that Exhibit No. 1 is a list of checks prepared by the widow and accomplished by examin-

ing the microfilm of the original checks as well as the widow's own personal recollection of some of them. The originals of the checks were shown to be in possession of appellant but not produced by him. The microfilm was admitted into evidence. Appellant did not specify any objection thereto. Also in evidence was appellee's Exhibit No. 2, being a summary of the checks listed on Exhibit No. 1, the microfilm of which being likewise in evidence. Appellant made no complaint on this appeal of the admission of the microfilm or of the admission of Exhibit No. 2. Appellant failed to object to the testimony concerning Exhibit No. 1 and did elicit much of the testimony himself during questioning of the witness. We find no reversible error reflected by this point.

■ As the court said in Shelby County v. O'Banion, 188 S.W.2d 195 (Tex.Civ. App.1945, no writ), the general rule that secondary evidence cannot be resorted to to show the contents of records, writings and the like has certain exceptions, one of them being that where the books of account or accounts are voluminous, involving intrinsic details making it impracticable to make the necessary examination in open court an expert accountant or other competent person who has examined such records may be permitted to state his conclusions as to what they show. We think this rule applicable here. The records were voluminous and rendered it impracticable to bring them in the courtroom for inspection by the jury. Mrs. Moore testified to sufficient facts to qualify her to testify as she did, based upon the records examined by her. We think it was a matter within the discretion of the trial court to determine whether, under the circumstances presented, the exception to the general rule prevails. We find no abuse of discretion reflected by this record. Appellant's third point is overruled.

■ By his fourth and fifth points, briefed together, appellant contends that there is no evidence to support the answer of the jury to the only issue submitted, or in the alternative, that the finding of the jury is so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong. We have examined the statement of facts pursuant to the rule relating to "no evidence" and "insufficient evidence" points and find no basis for appellant's contention. We find competent evidence to support the jury's answer to the issue submitted and cannot say that the answer is contrary to the overwhelming weight and preponderance of the evidence. Appellant's points four and five are overruled.

Finding no reversible error reflected by this record we affirm the judgment of the trial court.